UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LG CAPITAL FUNDING, LLC<br><br>        Plaintiff,<br> v.<br><br>BLUE SPHERE CORP.<br><br>        Defendant. | Civil Action No.: 1:20-cv-04882 (PKC) |

---

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR DEFAULT JUDGMENT**

---

GARSON, SÉGAL, STEINMETZ, FLADGATE LLP
Jacob Pargament
Kevin Kehrli
164 West 25th Street
Suite 11R
New York, NY 10001
(P): (502) 241 – 2152
(F): (347) 537 – 4540
*Attorneys for Plaintiff*

**I.      PRELIMINARY STATEMENT**

Plaintiff, LG Capital Funding, LLC ("LG" or "Plaintiff"), respectfully submits this Memorandum of Law, the Declaration of Joseph Lerman ("*Lerman Decl.*"), the Declaration of Jacob Pargament ("*Pargament Decl.*"), and accompanying exhibits, filed herewith in support of LG's Motion for Default Judgment.

This action involves the willful breach of a convertible redeemable promissory note (the "Note") between LG and Blue Sphere Corp. ("Defendant" or "BLSP"). BLSP has willfully failed to participate in this lawsuit and has failed to engage Plaintiff in a good faith attempt to resolve this dispute. Therefore, default judgment should be entered against Defendant, and Plaintiff should be granted the relief requested herein.

For the reasons stated below, Plaintiff respectfully requests that the Court grant Plaintiff's motion for preliminary relief in its entirety.

**II.     STATEMENT OF RELEVANT FACTS**

A full account of the facts relevant to this action can be found in Plaintiff's Complaint. Dkt. 1. Accordingly, only a brief recitation of the facts will be provided herein.

On or about May 11, 2018, LG entered into a Securities Purchase Agreement, which provided for the purchase and issuance of a 12% convertible redeemable note in in the aggregate principal amount of $78,750.00. Declaration of Joseph Lerman ("Lerman Decl."), filed herewith, ¶6. The same day, pursuant to the Securities Purchase Agreement, BLSP issued an $78,750.00 convertible redeemable note to LG (the "Note"). *Id.*, ¶ 7. At the direction of BLSP, on May 16, 2018, LG funded the Note by wiring $3,750.00 to Investors Counsel Attorneys, P.C., $6,000.00 to Carter Terry & Company, and $69,000.00 to BLSP. *Id.*, ¶¶ 8-10. The Note had a maturity date of May 11, 2019. *Id.*, ¶ 11.

The Note provided that BLSP promised to pay to the order of LG and its registered assigns, the aggregate principal face amount, as well as interest thereupon, on the Note's maturity date. *Id*.

Section 4(a) of the Note provided LG with the right to convert all or part of the outstanding and unpaid principal into shares of BLSP common stock (the "Common Stock") at a discount to the market price. *Id*. ¶ 13. LG did not opt to exercise its right to convert unpaid amounts into Common Stock. *Id*. ¶ 15.

The Note provided various Events of Default. Section 8(i) of the Note stated that it shall be an Event of Default if

> "[BLSP] shall have its Common Stock delisted from an exchange (including the OTC Market exchange) or, if the Common Stock trades on an exchange, then trading in the Common Stock shall be [sic] suspended for more than 10 consecutive days[.]"

*Id*., ¶ 17.

On April 1, 2019 Defendant filed a Form 15 Certification and Notice of Termination of Registration, causing its Common Stock to be delisted. *Id*., ¶ 18. Thus, Defendant caused an Event of Default under Section 8(i). *Id*.

In addition, Defendant caused several other Events of Default under the Note. On May 11, 2019, BLSP failed to remit payment on the Note's maturity date, which caused two other Events of Default under Sections 8(a) and 8(c). *Id*., ¶¶ 19-22.

The Note provided that "[u]pon an Event of Default, interest shall accrue at a default interest rate of 24% per annum or, if such a rate is usurious or not merited by current law, then at the highest rate of interest permitted by law." *Id*., ¶ 12. Consequently, default interest at a rate of 24% has accrued and continues to accrue from April 1, 2019. *Id*., ¶ 24.

## III. LEGAL STANDARD FOR DEFAULT JUDGMENT

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk must enter the party's default." *Fed. R. Civ. P*. 55(a). Once the clerk issues a default under Rule 55(a), a party "must apply to the court for a default judgment" pursuant to Rule 55(b)(2) and "the court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." *Fed. R. Civ. P*. 55(b). Further, "[t]he dispositions of motions for entries of defaults and default judgments and relief from the same under Rule 55(c) are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." *Enron Oil Corp v. Diakhura*, 10 F.3d 90, 95 (2d Cir. 1993).

Case law interprets that default under Rule 55(b) "establishes [a defendant's] liability . . . as long as the complaint has stated a valid cause of action." *Laboratorios Rivas, SRL v. Ugly & Beauty, Inc.*, 2013 U.S. Dist. LEXIS 161188, at *13 (S.D.N.Y. Nov. 12, 2013) quoting *Kuruwa v. Meyers*, 823 F. Supp. 2d 253, 256 (S.D.N.Y. 2011). To establish damages upon a default, the movant must "prove that the 'compensation sought relate[s] to the damages that naturally flow from the injuries pleaded.'" *Laboratorios Rivas*, 2013 U.S. Dist. LEXIS 161188, at *16-17 quoting *Curves Int'l, Inc. v. Negron*, No. 11 Civ. 2986 (ADS)(GRB), 2012 U.S. Dist. LEXIS 142055, 2012 WL 4490542, at *3 (E.D.N.Y. Aug. 31, 2012).

In determining whether to enter a default judgment, courts have considered factors including "(1) whether the defendant's default was willful; (2) whether defendant has a meritorious

defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, 2007 U.S. Dist. LEXIS 93420, at *2 (S.D.N.Y. Dec. 19, 2007) quoting *Mason Tenders Dist. Council v. Duce Constr. Corp.*, No. 02 Civ. 9044(LTS)(GWG), 2003 U.S. Dist. LEXIS 6881, 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003). Each of these factors favors LG.

## IV. ARGUMENT

### A. Defendant's Failure to Appear and Respond to the Complaint Constitutes Willful Default.

In *Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, this Court found that "non-appearance in the action and . . . failure to respond to the Complaint and the instant motion practice indicate willful conduct." *Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, 2007 U.S. Dist. LEXIS 93420, at *2 (S.D.N.Y. Dec. 19, 2007). Further, "it is settled law that . . . where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55." *Grace v. Bank Leumi Trust Co.*, 443 F.3d 180, 192 (2d Cir. 2006).

Here, Defendant was properly served with a Summons and Complaint. Defendant has neither appeared nor answered in this action. Defendant has made no excuse for its failure to appear, and such a clear disregard for the processes of this Court must be regarded as willful.

### B. Defendant Has Not Presented Any Defense to the Court.

Defendant's "default is deemed to constitute a concession of all well pleaded allegations of liability . . . ." *United States v. DiPaolo*, 466 F. Supp. 2d 476, 482 (S.D.N.Y. 2006) citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080, 113 S. Ct. 1049, 122 L. Ed. 2d 357 (1993).

Here, Plaintiff has set forth valid causes of action in its Complaint by alleging that Defendant entered into a valid Convertible Redeemable Note with Plaintiff (*Lerman Decl.*, ¶¶ 5-11); and that Defendant breached the Note by willfully failing to make payment of the outstanding principal and interest. *Lerman Decl.*, ¶¶ 17-22. Thus, Plaintiff has demonstrated that the factual allegations provided in the Complaint are sufficient to support a recovery for breach of contract.

### C. LG Will be Highly Prejudiced Without an Entry of Default Judgment.

Denying motion for default judgment would be prejudicial to Plaintiff if "there are no additional steps available to secure relief in this Court." *Bridge Oil Ltd. v. Emerald Reefer Lines, LLC*, 2008 U.S. Dist. LEXIS 107062, at *5 (S.D.N.Y. Oct. 24, 2008).

Like the plaintiff in *Bridge Oil Ltd.*, LG has properly prosecuted this action against BLSP. Nonetheless, BLSP has refused to appear and defend itself. Thus, LG has no further recourse in this Court.

### D. Plaintiff's Damages are Well-Pleaded.

A party's default constitutes an admission of the well-pleaded factual allegations in the complaint, except as to claims relating to damages. *See Greyhound Exhibitgroup v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). On the issue of damages, the Court may conduct a hearing, but such a hearing is not mandatory, "as long as [the District Court] ensured that there was a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).

Under New York law, "[a] party injured by breach of contract is entitled to be placed in the position it would have occupied had the contract been fulfilled according to its terms." *Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 185 (2d Cir. 2007) (citation omitted).

Here, Plaintiff's damages, the amount due and owing, can be determined from the face of the Note. The principal balance is provided in the Declaration of Joseph Lerman. The Note provided for events of default upon which the interest rate increases. The first event of default, namely, Defendant's Common Stock being delisted from the OTC Market exchange, is pleaded in the Complaint and affirmed to in the Declaration of Joseph Lerman.

The general measure of damages on a breach of contract claim is "the amount necessary to put the plaintiff in the same economic position he would have been put in had the defendant fulfilled his contract." *LG Capital Funding, LLC v. Volt Solar Sys.*, 2016 U.S. Dist. LEXIS 108779, at *18-19 (E.D.N.Y. Aug. 15, 2016) (quoting *Indu Craft, Inc. v. Bank of Baroda*, 47 F.3d 490, 495 (2d Cir. 1995)); *Merrill Lynch & Co., Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 185 (2d Cir. 2007) ("A party injured by breach of contract is entitled to be placed in the position it would have occupied had the contract been fulfilled according to its terms."); *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 262 (2d Cir. 2002) explaining that it is a "fundamental principle" that an award of damages for breach of contract "should put the plaintiff in the same economic position he would have been in had the defendant fulfilled the contract").

"It is settled Second Circuit law that in a breach of contract case, damages are calculated at the time of the breach." *Maxim Grp. LLC v. Life Partners Holdings, Inc.*, 690 F. Supp. 2d 293, 299 (S.D.N.Y. 2010) (internal quotation marks omitted) quoting *Boyce v. Soundview Tech. Group, Inc.*, 464 F.3d 376, 384 (2d Cir. 2006); and *Simon v. Electrospace Corp.*, 28 N.Y.2d 136, 145, 320 N.Y.S.2d 225, 232, 269 N.E.2d 21, 26 (1971).

Default interest at a rate of 24% per annum has been accruing on the outstanding principal balance since the first Event of Default, April 1, 2019. *Lerman Decl.*, ¶ 24. Therefore, as of October 30, 2020, LG is entitled to $120,112.97 in compensatory damages on the Note, consisting of

$78,750.00 in outstanding principal, $8,284.93 in regular interest, and $33,078.04 in default interest, which continues to accrue at a rate of $57.22 per day. *Id*., ¶ 29. See **Figure 1** below.

**Figure 1**

| LG Capital Funding: BLSP Note | |
|---|---|
| Face Value | $78,750 |
| Converted Principal | 0 |
| Balace | $ 78,750.00 |
| Commencement Date | 5/11/18 |
| Funding Date | 5/16/18 |
| Default Date | 4/1/19 |
| Days of Regular Interest | 320 |
| Days of Default Interest | 578 |
| Regular Interest Rate | 0.12 |
| Default Interest Rate | 0.24 |
| | |
| **Regular Interest Accrued.**= [(Balance x Regular Interest Rate) x (Days of Regular Interest/365)] | $ 8,284.93 |
| **Balance on Default Date** = Balance + Regular Interest Accrued | $ 87,034.93 |
| **Default Interest Accrued** = [(Balance on Default Date x Default Interest Rate) x (Days of Default Interest/365)] | $ 33,078.04 |
| **Total Due and Owing on 10/30/20** = Balance on Default Date + Default Interest Accrued | $ 120,112.97 |

Therefore, the allegations for damages in LG's Complaint are well-pleaded and supported by its exhibits and Declarations. The allegations relating to the Note, annexed to the Complaint, contain the damage calculation arising from Defendant's failure to perform in the amount of $120,112.97. *Lerman Decl*., ¶ 29.

E. **Plaintiff is Entitled to Recover Costs, Expenses, and Attorneys' Fees.**

Under New York law, "a contract that provides for an award of reasonable attorneys' fees to the prevailing party in an action on the contract is enforceable if the contractual language is sufficiently clear." *LG Capital Funding, LLC v. Volt Solar Sys.*, 2016 U.S. Dist. LEXIS 108779, at *25 (E.D.N.Y. Aug. 15, 2016) quoting *Cnty. of Oswego Indus. Dev. Agency v. Fulton Cogeneration Assocs.*, LP, 636 F. Supp. 2d 159, 179 (N.D.N.Y. 2009); *see also Mount Vernon*

7

*City School Dist. v. Nova Cas. Co.*, 945 N.Y.S.2d 202 (2012). "Under the general rule in New York, attorneys' fees are the ordinary incidents of litigation and may not be awarded to the prevailing party unless authorized by agreement between the parties, statute, or court rule." *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 199 (2d Cir. 2003). "[W]hen a contract provides that in the event of litigation the losing party will pay the attorneys' fees of the prevailing party, the court will order the losing party to pay whatever amounts have been expended by the prevailing party, so long as those amounts are not unreasonable." *Diamond D Enters. USA, Inc. v. Steinsvaag*, 979 F.2d 14, 19 (2d Cir. 1992) quoting *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1263 (2d Cir. 1987).

Furthermore, the Court should award Plaintiff attorneys' fees as damages for a breach of contract if the parties' "intention to do so is unmistakably clear" from the contractual language. *Hollander*, 337 F.3d at 199 (2d Cir. 2003) quoting *Hooper Assocs., Ltd. v. AGS Computs., Inc.*, 549 N.Y.S.2d 365, 367 (1989).

Here, the Note authorizes the award of attorneys' fees, and the parties' "intention to do so is unmistakably clear." Section 7 states that the "[BLSP] agrees to pay all costs and expenses, including reasonable attorneys' fees and expenses, which may be incurred by [LG] in collecting any amount due under this Note." *Lerman Decl.*, ¶ 30. Defendant cannot dispute that it agreed to pay attorneys' fees under the terms of the Note. Because Defendant is liable to Plaintiff for breach of contract, Defendant must not be exonerated from its obligation to reimburse Plaintiff the attorneys' fees, expenses, and costs incurred in pursuing what is rightfully entitled to Plaintiff under the Note. Plaintiff would not have incurred attorneys' fees and expenses had the Defendant honored its obligations in the first place. Thus, the Court should award the attorneys' fees, expenses, and costs to the Plaintiff as damages for Defendant's breach of contract.

Furthermore, if Plaintiff is the prevailing party, it is entitled to recover attorneys' fees, costs and expenses incurred in bringing this action. Section 8 of the Note state,

> "[i]f [LG] shall commence an action or proceeding to enforce any provisions of this Note, including, without limitation engaging an attorney, then if [LG] prevails in such action, [LG] shall be reimbursed by [BLSP] for its attorneys' fees and other costs and expenses incurred in the investigation, preparation and prosecution of such action or proceeding."

*Id.*, ¶ 31. When the contractual language to award attorneys' fees to a prevailing party is clear, the Court should order Defendant to pay "whatever amounts have been expended by the prevailing party" as the clear contractual language in the Note dictates. *Diamond D Enters. USA, Inc.*, 979 F.2d at 19 (2d Cir. 1992).

Here, the contractual language of the Note allowing for the award of attorneys' fees to the prevailing party is clear and undisputed. As Plaintiff has established by undisputed material facts, that Defendant is liable to Plaintiff for breach of contact. As the prevailing party, Plaintiff is entitled to recovery of attorneys' fees, costs, and expenses incurred in bringing this action pursuant to the clear terms of the Note.

Finally, the Declaration of Jacob Pargament filed herewith provides a contemporaneous and itemized list of the tasks performed by LG's counsel, the qualifications of counsel, and proof of the costs and expenses incurred by LG. All of the foregoing were reasonable and necessary costs incurred in recovering the amounts due and owing under the Note.

**WHEREFORE**, Plaintiff, LG Capital Funding, LLC, respectfully requests that the Court enter default judgment against Defendant, Blue Sphere Corp.:

i. For damages in the amount of $120,112.97;

ii. For attorneys' fees in the amount of $7,550.00;

iii. For costs in the amount of $497.80 and,

iv. For such other further relief as the Court may deem just and proper.

DATED: New York, New York
October 30, 2020

**RESPECTFULLY SUBMITTED,**
**GARSON, SEGAL,**
**STEINMETZ, FLADGATE LLP**
*ATTORNEYS FOR PLAINTIFF*

BY: /S/
JACOB PARGAMENT
KEVIN KEHRLI (KK1536)
164 WEST 25TH STREET
SUITE 11R
NEW YORK, NY 10001
**TELEPHONE:** (502) 241-2152
**FACSIMILE:** (347) 537-4540
**EMAIL:** JEP@GS2LAW.COM
KK@GS2LAW.COM